# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

**FILED**

Nov 17 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

3:26-cr-00564-WHO

IGOR ANDREEVICH D'IU,

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 371 – Conspiracy to Act as an Agent of a Foreign Government;
18 U.S.C. § 951 – Acting as an Agent of a Foreign Government Without Notice to the Attorney General;
18 U.S.C. § 2261A(1)(B) – Interstate Stalking;
18 U.S.C. § 1028(a)(6) – Fraud in Connection with Identification Documents;
18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury
Foreman

Filed in open court this 17th day of

November, 2026.

S. Prasad
Clerk

Bail, $ No Process

Hon. Peter H. Kang, U.S. Magistrate Judge

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

Nov 17 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

IGOR ANDREEVICH D'IU,
a/k/a "Igor Andreevich Golodnyuk,"
a/k/a "Hugo Landry Johns,"

Defendant.

CASE NO. 3:26-cr-00564-WHO

VIOLATIONS:
18 U.S.C. § 371 – Conspiracy to Act as an Agent of a Foreign Government;
18 U.S.C. § 951 – Acting as an Agent of a Foreign Government Without Notice to the Attorney General;
18 U.S.C. § 2261A(1)(B) – Interstate Stalking;
18 U.S.C. § 1028(a)(6) – Fraud in Connection with Identification Documents;
18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

SAN FRANCISCO VENUE

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment, with all dates and times being approximate:

1. Defendant Igor Andreevich D'IU was a citizen of the Russian Federation ("Russia"). D'IU was not approved for, or otherwise in possession of, any valid visa to enter the United States.

2. Victim Company 1 was a large, publicly traded technology and defense company with office locations throughout the United States, including in Palo Alto within the Northern District of California. According to public news sources, Company 1 had links to the war between Russia and Ukraine, including with Ukraine allegedly using Company 1's software during the war.

3. Victim Employee 1 was an employee of Company 1 who resided in Fremont, California.

4. Victim Employee 2 was an employee of Company 1 who resided in San Francisco, California.

5. Telegram was a messaging and social media application based outside of the United States.

6. The Telegram Co-Conspirators were multiple contacts for Defendant on Telegram who directed him to conduct clandestine activities related to Company 1 in the United States. The Telegram Co-Conspirators were associated with and/or located within Russia.

7. At no time did Defendant notify the Attorney General that he was acting as an agent of Russia as required by law.

Russian Intelligence Services

8. Acting as an arm of the Russian government, Russian intelligence services ("RIS") conducted a full spectrum of clandestine operations, including intelligence collection, disinformation, and assassinations using human, signals, electronic, and cyber methods, as well as proxies, organized crime groups, and other disposable agents.

9. Russia was also surreptitiously turning to criminal enterprises to influence populations and undermine the legitimacy of other states, seeking strategic (and at times economic) advantages while maintaining a façade of plausible deniability and keeping the interference below the threshold of conventional war. This strategy helped Russia, in the parlance of the U.S. military, to "prepare the battlefield" for its ongoing war in Ukraine.

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Act as an Agent of a Foreign Government)

10. Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated as if fully set forth here.

11. Beginning at least as early as on or about June 7, 2026, and continuing through on or about October 8, 2026, in the Northern District of California and elsewhere, the defendant,

IGOR ANDREEVICH D'IU,

and others known and unknown to the Grand Jury, did knowingly conspire and agree to commit offenses against the United States, that is, to act in the United States as an agent of a foreign government or official, namely, of the government of Russia, without prior notification to the Attorney General as required by law, in violation of Title 18, United States Code, Section 951.

Manner and Means

12. Acting under the direction and control of the Telegram Co-Conspirators, Defendant engaged in conduct in the United States, including by:

a. Traveling from Russia to covertly enter the United States;

b. Researching, following, and surveilling employees of Company 1 to gather information about Company 1 and its employees, including employees' home addresses;

c. Receiving money and other resources to effectuate information-gathering tasks;

d. Obtaining fake and forged United States identification documents;

e. Deploying electronic devices and software to assist the Telegram Co-Conspirators in gathering data and other information related to Company 1 and its employees; and

f. Providing information related to Company 1 to the Telegram Co-Conspirators for the "Motherland," including because Company 1 was providing resources utilized by Ukraine.

Overt Acts

13. On or about June 7, 2026, Defendant traveled from Istanbul, Turkey to Mexico City, Mexico.

14. On or about July 28, 2026, Defendant searched for information about Company 1 using the Internet.

15. On or about July 31, 2026, Defendant unlawfully entered the United States in the area of McAllen, Texas from Mexico.

16. On or about August 21, 2026, Defendant searched for information on the Internet about renting a car in Palo Alto, California.

17. Beginning on or about August 22, 2026, Defendant conducted Internet searches involving several addresses belonging to Company 1 employees.

18. On or about September 2, 2026, Defendant followed Employee 1 as she departed Company 1's Palo Alto location in her vehicle.

19. On or about September 3, 2026, Defendant followed Employee 2 from Company 1's Palo Alto, California location in her vehicle to San Francisco, California in an intimidating fashion, placing Employee 1 in emotional distress.

20. On or about September 4, 2026, after Defendant was contacted by local law enforcement, Defendant departed the Northern District of California for Reno, Nevada.

21. On or about September 14, 2026, an international shipment intended for the Defendant, which he later received, arrived within the United States containing a falsified California State Identification Card bearing Defendant's likeness and the name "JOHNS HUGO LANDRY."

22. On or about September 22, 2026, Defendant traveled from Reno, Nevada back to the Northern District of California.

23. On or about September 23, 2026, Defendant exchanged a prior rental vehicle for a new rental vehicle in the Northern District of California.

24. On or about September 23, 2026, Defendant received a white plastic bag containing $15,000 cash in the Northern District of California.

25. On or about September 28, 2026, an international shipment intended for Defendant, which he later received, arrived within the United States containing a falsified United States passport bearing Defendant's likeness and the name "HUGO LANDRY JOHNS" and a falsified social security card in the same name.

26. On or about October 8, 2026, Defendant possessed the following items recovered during the execution of a search warrant by the Federal Bureau of Investigation ("FBI"):

a. the falsified United States passport, California Identification card, and social security card;

b. a notebook containing ten (10) handwritten addresses in and around the Northern District of California, at least five of which are associated with Company 1 employees' home

addresses;

c. "Target package" profiles pertaining to at least three Company 1 employees, including employee names, personally identifiable information, educational and employment histories, relative names, narrative histories, and overall assessments of leadership qualities, and strengths and weaknesses; and

d. messages between Defendant and one of the Telegram Co-Conspirators, including messages from the Telegram Co-Conspirators containing photos of at least four Company 1 employees and their associated addresses with taskings from the Telegram Co-Conspirators to dress like a food delivery person, knock on the door of the addresses provided, and verify if the person resides at the address.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>: (18 U.S.C. § 951 – Acting as an Agent of a Foreign Government Without Notice to the Attorney General)

27. Paragraphs 1 through 26 of this Indictment are re-alleged and incorporated as if fully set forth here.

28. Beginning no later than on or about July 31, 2026, and continuing through on or about October 8, 2026, in the Northern District of California and elsewhere, the defendant,

IGOR ANDREEVICH D'IU,

did knowingly act in the United States as an agent of a foreign government or official, namely, of the government of Russia, without prior notification to the Attorney General as required by law.

All in violation of Title 18, United States Code, Section 951.

<u>COUNT THREE</u>: (18 U.S.C. § 2261A(1)(B) – Interstate Stalking)

29. Paragraphs 1 through 5 and 12 through 26 of this Indictment are re-alleged and incorporated as if fully set forth here.

30. Beginning no later than on or about July 31, 2026, and continuing through on or about October 8, 2026, in the Northern District of California and elsewhere, the defendant,

IGOR ANDREEVICH D'IU,

did travel in interstate and foreign commerce with the intent to place under surveillance with intent to harass and intimidate another person, and in the course of and as a result of such travel caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to another person.

All in violation of Title 18, United States Code, Section 2261A(1)(B).

COUNT FOUR: (18 U.S.C. § 1028(a)(6), (b)(6) – Fraud in Connection with Identification Documents)

31. Paragraphs 1, 14, 20, 24, and 25 of this Indictment are re-alleged and incorporated as if fully set forth here.

32. On or about October 8, 2026, in the Northern District of California, the defendant,

IGOR ANDREEVICH D'IU,

did knowingly possess an identification document and authentication feature, namely, a U.S. passport and social security card, that is or appears to be an identification document and authentication feature of the United States which is produced without lawful authority knowing that such document was produced without such authority, and the identification document and authentication feature is or appears to have been issued by or under the authority of the United States.

All in violation of Title 18, United States Code, Section 1028(a)(6) and (b)(6).

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c))

33. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6) and Title 28, United States Code, Section 2461(c).

34. Upon conviction for the offense set forth in Count Four of this Indictment, the defendant,

IGOR ANDREEVICH D'IU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6) and Title 28, United States Code, Section 2461(c), (A) any conveyance, including any vessel, vehicle, or aircraft

used in the commission of the offense; and (B) any property, real or personal (i) that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense, including but not limited to the following:

a. the falsified U.S. passport seized on or about October 8, 2026; and

b. the falsified U.S. social security card seized on or about October 8, 2026.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: Nov 17 2026

A TRUE BILL.

[signature]

~~FOREPERSON~~ Deputy Foreperson

CRAIG H. MISSAKIAN
United States Attorney

/s/ Alexis James

ALEXIS JAMES
NICHOLAS PARKER
Assistant United States Attorneys